**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Joel D. King, | ) | CASE NO. 1:16 CV 590 |
| | ) | |
| Plaintiff, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| Vs. | ) | |
| | ) | |
| Forest River, Inc., *et al.*, | ) | **Memorandum of Opinion and Order** |
| | ) | |
| Defendants. | ) | |

## INTRODUCTION

This matter is before the Court upon Defendants' Motion to Transfer Venue to the

Northern District of Indiana, or Alternatively, to Dismiss Plaintiff's Complaint for Improper

Venue (Doc. 8). Also pending is Jeff Rowe's Motion to Dismiss for Lack of Personal

Jurisdiction (Doc. 6). This is an employment discrimination case. For the following reasons, the

motion to transfer is GRANTED and the motion to dismiss for lack of personal jurisdiction is

MOOT.

## FACTS

Plaintiff Joel King brings this lawsuit against defendants, Forest River, Inc. ("Forest River"), Michael Peterson, and Jeff Rowe, alleging wrongdoing in connection with plaintiff's termination from employment.

The complaint alleges that plaintiff is a resident in this district. According to the complaint, Forest River is an Indiana corporation with its principal place of business in Indiana. The complaint further alleges that the individual defendants are residents of Indiana.

Defendants hired plaintiff on or about August 1, 2013 to work as a regional sales manager. Forest River is in the business of manufacturing recreational vehicles and operates several manufacturing facilities throughout the United States. On or about June 8, 2014, plaintiff suffered from a serious health condition that required medical treatment. Shortly thereafter, plaintiff was hospitalized for this condition. The hospitalization lasted until July 15, 2014. According to the complaint, plaintiff provided defendants with documentation from his physician supporting the fact that he suffered from a serious health condition and would require a leave of absence until August 4, 2014. Plaintiff claims that he completed the necessary forms to qualify for leave under the Family Medical Leave Act ("FMLA").

According to the complaint, defendants terminated plaintiff and refused to provide him with an accommodation for this disability. At the time of his termination, plaintiff was aged 47. Plaintiff believes he was replaced by a substantially younger individual. Thereafter, plaintiff filed this lawsuit asserting seven claims for relief. Counts one and two assert claims under the FMLA. Count three is a claim asserted under the Americans with Disability Act ("ADA") and count four asserts disability discrimination under O.R.C. § 4112.02. Count five is a claim under the Age Discrimination in Employment Act ("ADEA") and count six asserts age discrimination

under O.R.C. § 4112.02. Count seven is a claim for intentional infliction of emotional distress.

Defendants move to transfer this action to the Northern District of Indiana or, alternatively, to dismiss this matter for improper venue. Defendant Rowe further moves to dismiss for lack of personal jurisdiction. Plaintiff opposes both motions.

**ANALYSIS**

Defendants move to transfer this action based on improper venue. Because the Court finds that the motion is well-taken, the Court will address it first.

Defendants argue that venue is improper in this District. According to defendants, the general venue statute set forth in 28 U.S.C. § 1391 applies to all of plaintiff's claims with the exception of his ADA claim. The general venue statute provides that venue is proper in:

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

Defendants further argue that, pursuant to 42 U.S.C. § 12117, the venue provision applicable to Title VII actions, governs plaintiff's ADA claim. That provision provides that venue is proper in:

(1) [A]ny judicial district in the State in which the unlawful employment practice is alleged to have been committed;

(2) [T]he judicial district in which the employment records relevant to such practice are maintained and administered; or

3

(3) [T]he judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice.

42 U.S.C. §2000e-5(f)(3)

Plaintiff does not dispute that these venue provisions apply in analyzing whether venue is proper.  In the event the Court finds that venue is not proper in this jurisdiction, the Court "shall dismiss, or in the interest of justice, transfer the case to any district or division in which it could have been brought."  28 U.S.C. § 1406(a).  The decision of whether to dismiss or transfer is within the district court's sound discretion. *First of Michigan Corp. v. Bramlet*, 141 F.3d 260, 262 (6th Cir.1998). "Unlike section 1404(a) [which permits a transfer of venue for convenience] ... section 1406(a) does not require that the district court have personal jurisdiction over the defendants before transferring the case." *Pittock v. Otis Elevator Co.*, 8 F.3d 325, 329 (6th Cir.1993)(citations and quotations omitted)(utilizing section 1406(a) to transfer a case where there was both improper venue and lack of personal jurisdiction in the transferor forum).

Defendants argue that venue is not proper in this district.  According to defendants, no defendant resides in this district.  Thus, pursuant to 28 U.S.C. § 1391(b), venue is proper here for plaintiff's non-ADA claims only if "a substantial part of the events or omissions giving rise to the claim occurred" in this district.  Defendants point out that there is no indication that *any* part of the events giving rise to this lawsuit occurred here.  Throughout his employment with defendants, plaintiff worked out of a home office located in the Southern District of Ohio.  There is no suggestion or indication that defendants ever contacted plaintiff in this district regarding his employment.  Nor is there any allegation that any employment-related decision-making occurred here.  Defendant notes that it has a "registered dealer" in this district, as well as one located in the Southern District.  Defendant points out, however, that of the 42 expense reports submitted

4

by plaintiff, only five relate to work performed in Ohio. Plaintiff does not dispute these points. Rather, plaintiff lumps together the Northern District of Ohio and the Southern District of Ohio and simply argues that the events giving rise to plaintiffs claims occurred in "Ohio." Although plaintiff notes in his affidavit that he interviewed with defendant at an RV show in Cleveland, standing alone, this is not a sufficient basis on which to base venue in this district. Nor is the fact that plaintiff currently resides in this district sufficient. Based on a thorough review of the parties' arguments and affidavits, the Court finds that "a substantial part of the events or omissions giving rise to the claim" did not occur in this district.

The same holds true with respect to plaintiff's ADA claim. Again, plaintiff does not point to any activity that occurred specifically in this district. Simply noting that many events occurred in "Ohio" is not enough. The Court notes that venue is proper with respect to plaintiff's ADA claim in the "judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice." Again, although defendant notes that it has an RV dealership in Akron and plaintiff responds by indicating that he worked at all "active" dealerships, the Court cannot say that plaintiff would have worked in this district "but for" the alleged unlawful employment practice. Defendant notes that plaintiff submitted only five expense reports for business conducted in Ohio. Given that defendant had a dealership located near plaintiff's home office, it is not clear that plaintiff would have worked in this district. Plaintiff does not specifically address this prong of the venue analysis, nor does plaintiff make any effort to explain any work activity that would have occurred here.

Based on the foregoing, the Court concludes that venue is not proper in this district. As such, the Court may either dismiss this action or transfer it to another district or division in

5

which it could have been brought. 28 U.S.C. § 1406(a). Upon review, the Court finds that the interests of justice favor transferring this matter.

With regard to a transfer, the parties dispute whether this action should be transferred to the Southern District of Ohio or the Northern District of Indiana. The Court finds that venue is best situated in the Northern District of Indiana. With regard to plaintiff's non-ADA claims, the Court finds that the Northern District of Indiana is a "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." Defendant is located in that district and the decisions regarding plaintiff's termination occurred there. Plaintiff's personnel file is located in the Northern District of Indiana. Plaintiff communicated with defendants at that location and traveled to that district approximately seven times. In addition, all defendants consent to personal jurisdiction in the Northern District of Indiana and the majority of witnesses are located there.

Plaintiff points out that he worked out of his home office in the Southern District of Ohio and that Ohio was one of his assigned sales territories. Defendant did not assign the Indiana territory to plaintiff and he rarely attended meetings there. Plaintiff regularly communicated with defendant from Ohio[1] and received nearly all communications from defendant while he was located in Ohio. He further claims that on at least one occasion defendant Peterson came to Ohio to meet with plaintiff. Plaintiff also notes that his disability arose in the Southern District of

---

[1]     Again, plaintiff fails to distinguish where in "Ohio" these communications occurred. Plaintiff does not appear to dispute that his home office was located in the Southern District of Ohio and therefore rather than outright reject plaintiff's arguments, the Court will presume that the communications occurred to and from plaintiff's home office.

Ohio. In addition, plaintiff lives in Ohio now.

The Court finds assuming *arguendo* that the Southern District of Ohio would constitute a proper venue, plaintiff's arguments are not sufficient to warrant transferring this case to that location. As an initial matter, *no* party is located there. Plaintiff admits that he now resides in this district. Moreover, it does not appear that any documentary evidence is located in the Southern District of Ohio. And, although some former doctors of plaintiff's may be located in that district, the clear majority of relevant witnesses do not reside there. Moreover, plaintiff chose not to file his case in that district. In addition, defendants concede personal jurisdiction over all defendants in the Northern District of Indiana. Although some of the events giving rise to the claim may have occurred in the Southern District of Ohio, the Court finds that the facts as a whole warrant a transfer of this matter to the Northern District of Indiana. Thus, even assuming proper venue would lie in the Southern District of Ohio with respect to plaintiff's non-ADA claims, the Court declines to transfer this matter there.

The same analysis applies to plaintiff's ADA claim. Venue is undoubtedly proper in the Northern District of Indiana because that location is the "district in which the employment records relevant to such practice are maintained and administered." Because the factors set forth above apply equally in assessing which location is preferable with respect to this claim, the Court will transfer this action to the Northern District of Indiana.

Having concluded that venue is not proper in this jurisdiction, and because the Court will transfer this matter to the Northern District of Indiana, the Court finds that defendant Jeff Rowe's Motion to Dismiss for Lack of Personal Jurisdiction is MOOT.

## **CONCLUSION**

For the foregoing reasons, Defendants' Motion to Transfer Venue to the Northern District of Indiana, or Alternatively, to Dismiss Plaintiff's Complaint for Improper Venue (Doc. 8) is GRANTED. Jeff Rowe's Motion to Dismiss for Lack of Personal Jurisdiction (Doc. 6) is MOOT.

IT IS SO ORDERED.


 /s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Dated: 6/29/16